UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| USA HEAVY LIFT CARGO CONSULTANTS LTD; nka FEDERAL LOGISTIC SYSTEMS INC, | § § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-973 |
| | § | |
| COMBI LIFT USA INC., *et al*, | § § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are Plaintiff USA Heavy Lift Cargo Consultants, Ltd., n/k/a Federal Logistic Systems, Inc.'s ("Heavy Lift") motion to remand (Doc. 7) and motion for leave to file amended complaint (Doc. 6). Heavy Lift moved to remand its suit against Defendants Combi Lift USA Inc. ("Combi Lift USA") and K/S Combi Lift ("K/S Combi Lift") on the grounds that Heavy Lift's original petition "state[d] a cause of action against a non-diverse defendant and properly assert[ed] jurisdictional facts"[1] and "[b]ecause Plaintiff's [proposed] First Amended Complaint answers defendants' contentions about improper joinder and states a cause of action against a non-diverse defendant." Doc. 7 at 5-9.

Having considered Plaintiff's motion, the facts of this case, and the applicable law, the Court finds that Plaintiff's motion to remand should be denied.

I. Background

---

[1] The Court notes, however, that Heavy Lift admitted in its motion to remand that "[d]efendants' statements [that Combi Lift USA is not "a wholly owned subsidiary of K/S Combi Lift" and that Heavy Lift lacked "any business relationship" with Combi Lift USA] would, if true, establish that USA Heavy Lift could not prove required elements of either a breach of contract (specifically, existence of a contract) and a quantum meruit (specifically, services provided for a defendant) causes of action. *USA Heavy Lift reviewed the evidence, removed Combi Lift USA as a defendant on these causes of action [in Heavy Lift's proposed first amended complaint (Doc. 7-1)], and added a cause of action for tortious interference with an existing agreement against Combi Lift USA [in Heavy Lift's proposed first amended complaint (Doc. 7-1)]."* Doc. 7 at 3 (emphasis added).

Plaintiff Heavy Lift, a Texas corporation with its principal place of business in Texas, has asserted claims in its original petition for breach of contract and *quantum meruit* against Combi Lift USA, a Delaware corporation with its principal place of business in Texas, and K/S Combi Lift, "a foreign corporation or other legal entity organized pursuant to the laws of The Kingdom of Denmark with its principal place of business" in Denmark. Doc. 1 at 1; Doc. 1-1 at 1, 4-5. As alleged in its original petition, Heavy Lift participated in "an ongoing business relationship with" K/S Combi Lift and its "wholly owned subsidiary" Combi Lift USA before 2008.[2] Doc. 1-1 at 2. In addition, Heavy Lift and Combi Lift USA "shared an office." *Id.* The relationship between Heavy Lift and Combi Lift[3] began in 2003 when Heavy Lift's Jan Heilbut "served as an agent for Combi Lift in arranging for cargo to be transported on Combi Lift's ships" and "regularly" received a commission. *Id.*

In early 2008, Heilbut learned that Foster Wheeler USA Corporation planned to ship "modules" from Indonesia to Indiana and, on November 7, 2008, Heilbut delivered a proposal to Foster Wheeler concerning eight of the nine requested shipments for $2,995,000 per shipment. *Id.* at 2-3. Heavy Lift alleges that Heilbut delivered the proposal "acting as an agent for Combi Lift." *Id.* at 3. Heavy Lift further alleges that Heilbut continued "to facilitate communications between Combi Lift and Foster Wheeler," including responding to a question raised by a Foster Wheeler employee with information from Combi Lift engineers, participating in "a Bid Clarification meeting with Foster Wheeler," and setting up a meeting for Foster Wheeler with Combi Lift in January 2009. *Id.* According to Heavy Lift, "Combi Lift excluded Jan Heilbut from further negotiations between Combi Lift and Foster Wheeler" following the meeting and

---

[2] The Court notes that Heavy Lift appears to have accepted that Heavy Lift had a relationship only with K/S Combi Lift and that Combi Lift USA is not a "wholly owned subsidiary" of K/S Combi Lift. *See supra* text accompanying note 1.

[3] The Court refers to both defendants in the next three paragraphs as "Combi Lift" since Heavy Lift's original petition referred to them as such.

that Combi Lift told Foster Wheeler in a letter dated January 28, 2009 "that it would be responsible for dealing 'with the brokers, which have been involved in any earlier discussions/negotiations.'" *Id.* Heavy Lift alleges that the letter was sent in response to Foster Wheeler "question[ing] the exclusion of Jan Heilbut and USA Heavy Lift" and that a Foster Wheeler employee forwarded the letter to Heilbut "expressing concern that 'Combi Lift internal issues' not complicate the pending bid for the shipments." *Id.* Heavy Lift further alleges that "Heilbut obtained confirmation that Combi Lift would provide for his and USA Heavy Lift's interests despite the exclusion." *Id.* at 3-4.

In October 2010, Heavy Lift alleges that Heilbut requested his five percent commission – approximately $1,050,000 – from Combi Lift for his work "as an agent and broker for Combi Lift" in the shipments for which Foster Wheeler paid more than $21 million. *Id.* at 4. Combi Lift refused to pay and requested that Heilbut no longer use Combi Lift's logo. *Id.*

On February 29, 2012, Heavy Lift filed its original petition in the 151st Judicial District Court of Harris County against Combi Lift USA and K/S Combi Lift for breach of contract and, alternatively, *quantum meruit* for Defendants' alleged failure to pay Heavy Lift its commission for the Foster Wheeler shipments. *Id.* at 4-5.

On March 30, 2012, pursuant to 28 U.S.C. § 1446(a), Combi Lift USA and K/S Combi Lift removed this case to federal court on diversity jurisdiction grounds. Doc. 1. The Notice of Removal stated that Combi Lift USA was improperly joined to defeat diversity jurisdiction. *Id.* at 2. Defendants alleged that Heavy Lift's "claims for breach of contract, if any, and *quantum meruit* could only be alleged against Defendant K/S Combi Lift" because Heavy Lift "did not have any contract with Defendant Combi Lift USA Inc., oral or otherwise, under which it performed," Heavy Lift did not "conduct any business with Defendant Combi Lift USA Inc. for

which it would be paid," Heavy Lift only submitted invoices for payment to K/S Combi Lift, and "[a]ny actions made by Defendant Combi Lift USA Inc. were made as an agent for a disclosed principal, Defendant K/S Combi Lift."[4] *Id.* at 2-3.

On March 30, 2012, Combi Lift USA and K/S Combi Lift filed separate answers to Heavy Lift's original petition. Doc. 2 (Combi Lift USA); Doc. 3 (K/S Combi Lift). In their separate answers, each Defendant claimed, among other things, that Combi Lift USA was not "a wholly owned subsidiary" of K/S Combi Lift. Doc. 2 at 2; Doc. 3 at 2.

On April 29, 2012, Heavy Lift filed a motion to remand to state court. Doc. 7. Heavy Lift explained that it filed its original petition against both Combi Lift USA and K/S Combi Lift because it believed Combi Lift USA was a "'wholly owned subsidiary'" and attached a print-out from a Combi Lift website illustrative of Heavy Lift's confusion. Doc. 7 at 1-3; *see* Doc. 7-3. Because Defendants denied that such an ownership relationship existed between Defendants and because Defendants denied that Heavy Lift did business with Combi Lift USA, however, Heavy Lift filed an opposed motion for leave to file amended complaint on April 29, 2012, "concurrent with" its motion to remand. *Id.* at 2-3; *see* Doc. 6. In its motion to remand, Heavy Lift summarized:

> 7.     Defendants' statements would, if true, establish that USA Heavy Lift could not prove required elements of either a breach of contract (specifically, existence of a contract) and a quantum meruit (specifically, services provided for a defendant) cases of action. *USA Heavy Lift reviewed the evidence, removed Combi Lift USA as a defendant on these causes of action [in Heavy Lift's proposed first amended complaint (Doc. 7-1)], and added a cause of action for tortious interference with an existing agreement against Combi Lift USA [in Heavy Lift's proposed first amended complaint (Doc. 7-1)].* This cause of action was based on the same underlying facts alleged in the original petition.

---

[4] Defendants also alleged that K/S Combi Lift and Heavy Lift had "entered into a non-exclusive oral agency agreement whereby [Heavy Lift] would book cargoes to be transported on Defendant K/S Combi Lift's ships" in 2003 but that, in 2006, Combi Lift USA "was established" and started "acting as the booking agent for Defendant K/S Combi Lift." Consequently, Defendants alleged that K/S Combi Lift "terminated" the agreement between K/S Combi Lift and Heavy Lift on May 19, 2008. Doc. 1 at 2.

*Id.* at 3 (citation omitted) (emphasis added).

As a result, Heavy Lift contends that its proposed "First Amended Complaint answers defendants' contentions about improper joinder and states a cause of action against a non-diverse defendant." *Id.* at 7-9. Nonetheless and somewhat contradictorily, Heavy Lift continues to argue that its "Original Petition state[d] a cause of action against a non-diverse defendant and properly assert[ed] jurisdictional facts." *Id.* at 5-7.

On May 21, 2012, Defendants filed a response to Heavy Lift's motion to remand. Doc. 11. In their response to Heavy Lift's motion to remand, Combi Lift USA and K/S Combi Lift argued that the joinder of Combi Lift USA in Heavy Lift's original petition was "fraudulent" and that Heavy Lift's proposed first amended complaint is "futile." Doc. 11 at 3-8.

II. Legal Standard

Federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). The citizenship of a corporation in the United States is determined under 28 U.S.C. § 1332(c) by the state under whose laws the entity was organized or where it has its principal place of business. Where federal diversity jurisdiction exists, a defendant may remove an action from a State court "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1996); *Laughlin v. Prudential Ins. Co.*, 882

F.2d 187, 190 (5th Cir. 1989).

After removal, a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined."[5] *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show either "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). The Fifth Circuit has made it clear that "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

III. Analysis

---

[5] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1441 and 1332. *Smallwood*, 385 F.3d at 571 n.1, 572-73.

The right to remove depends upon the plaintiffs' pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, at *2 (S.D. Tex. Dec. 9, 2009). Thus, Heavy Lift's original petition is the controlling document before this Court.

In its original petition, plaintiff Heavy Lift asserted a claim for breach of contract and *quantum meruit* against non-diverse defendant Combi Lift USA and diverse defendant K/S Combi Lift. Doc. 1-1 at 4-5. In their notice of removal, Combi Lift USA and K/S Combi Lift alleged that "[r]emoval is proper because but for the improper joinder of Defendant Combi Lift USA Inc., there is complete diversity between the parties." Doc. 1 at 2. Combi Lift USA and K/S Combi Lift claimed that Heavy Lift's "claims for breach of contract, if any, and *quantum meruit* could only be alleged against Defendant K/S Combi Lift" because Heavy Lift "did not have any contract with Defendant Combi Lift USA Inc., oral or otherwise, under which it performed," Heavy Lift did not "conduct any business with Defendant Combi Lift USA Inc. for which it would be paid," Heavy Lift only submitted invoices for payment to K/S Combi Lift, and "[a]ny actions made by Defendant Combi Lift USA Inc. were made as an agent for a disclosed principal, Defendant K/S Combi Lift." *Id.* at 2-3. In addition, in their separate answers, each Defendant claimed, among other things, that Combi Lift USA was not "a wholly owned subsidiary" of K/S Combi Lift. Doc. 2 at 2; Doc. 3 at 2.

As a result, in its motion to remand, Heavy Lift stated it had "reviewed the evidence" and had filed a "concurrent" motion to amend its complaint to drop Combi Lift USA from its breach of contract and *quantum meruit* claims and to add a claim of tortious interference against Combi Lift USA "based on the same underlying facts alleged in the original petition." Doc. 7 at 2-3; *see*

Doc. 7-1; *see* Doc. 6. Thus, Heavy Lift appears to have acknowledged that its breach of contract and quantum meruit claims against non-diverse defendant Combi Lift USA lacked merit.

Because Heavy Lift's actions, in requesting leave to file an amended complaint dropping Combi Lift USA from the original breach of contract and *quantum meruit* claims, acknowledge that its original claims against Combi Lift USA lack merit, the Court finds that Combi Lift USA was improperly joined as there is no valid claim for breach of contract or *quantum meruit* against it. Thus, Combi Lift USA is dismissed from the case.

Heavy Lift's current motion for leave to file amended complaint is moot as it rests on the assumption that the Court still has jurisdiction over Combi Lift USA.

IV. Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiff's motion to remand this case to the 151st Judicial District Court of Harris County (Doc. 7) is DENIED.

SIGNED at Houston, Texas, this 28th day of June, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE