UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| USA HEAVY LIFT CARGO CONSULTANTS LTD; nka FEDERAL LOGISTIC SYSTEMS INC, §§§§§ Plaintiff, § VS. § COMBI LIFT USA INC., *et al*, §§§ Defendants. § | CIVIL ACTION NO. 4:12-CV-973 |

## OPINION AND ORDER

Pending before the Court is the Motion for Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) (Doc. 15) filed by Plaintiff USA Heavy Lift Cargo Consultants, Ltd., n/k/a Federal Logistic Systems, Inc. ("Heavy Lift"). Defendant K/S Combi Lift filed a response (Doc. 18) in opposition to the motion, and Heavy Lift filed a reply (Doc. 21) and two supplementary documents (Docs. 24, 25) in support.

Having considered the parties' arguments, the record in this case, and the applicable law, the Court concludes that the motion should be granted.

**I.     Background**

Though two parties remain before the Court, this case began with three parties in total, and all three remain relevant to this motion: Heavy Lift, a Texas corporation; K/S Combi Lift, a foreign corporation organized under the laws of the Kingdom of Denmark; and Combi Lift USA Inc. ("Combi Lift USA"), a Delaware corporation with its principal place of business in Houston, Texas. (Notice of Removal ¶¶ 1-3, Doc. 1). On February 29, 2012, Heavy Lift filed its original petition (Doc. 1-1) in the 151st Judicial District Court of Harris County, Texas, against K/S

Combi Lift and Combi Lift USA (collectively, "Defendants"). In that petition, Heavy Lift alleged that Defendants had failed to pay commissions it had earned for arranging for the shipment of cargo and alleged claims against both Defendants for breach of contract and quantum meruit. (Doc. 1-1 ¶¶ 13-15). On March 30, 2012, Defendants removed this case to federal court on diversity grounds, alleging improper joinder of Combi Lift USA. (Doc. 1 ¶ 6). Specifically, Defendants denied that Heavy Lift's allegations that Combi Lift USA was a "wholly owned subsidiary" of K/S Combi Lift and stated that Combi Lift USA had no contract or other relationship with Heavy Lift. Combi Lift USA's Answer ¶ 6, (Doc.) 2; K/S Combi Lift's Answer ¶ 6, ( Doc. 3)

On April 29, 2012, Heavy Lift submitted both a motion for leave to file an amended complaint (Doc. 6) and a motion to remand (Doc. 7). Heavy Lift conceded that Defendants' statement that Combi Lift USA was not a wholly owned subsidiary of K/S Combi Lift, if true, would establish that it could not prove either breach of contract or quantum meruit against Combi Lift USA, but argued that the same factual allegations would still support a claim for tortious interference against Combi Lift USA. (Doc. 7 ¶ 7). [1]

In a June 28, 2012 Opinion and Order (Doc. 13), this Court denied Heavy Lift's motion to remand and dismissed Combi Lift USA from the suit. This dismissal had the effect of mooting Heavy Lift's motion to amend its pleadings to add a cause of action for tortious interference against Combi Lift USA. (Doc. 13 at 8).

The following month, Heavy Lift filed a state action based on the same transactions and occurrences underlying this suit, alleging tortious interference against Combi Lift USA. (Doc. 15

---

[1] Heavy Lift's disallowed amended complaint restates the factual allegations of its state court petition, with additional details. Aside from stating that Combi Lift USA succeeded Heavy Lift as broker of the deal between K/S Combi Lift and Foster Wheeler USA Corporation, however, it does not even hint at how Combi Lift USA tortiously interfered with the agreement between K/S Combi Lift and Heavy Lift.

¶ 3). Heavy Lift now seeks to have this federal case dismissed in order to amend its state court suit against Combi Lift USA and re-allege in that state court suit breach of contract and quantum meruit claims against K/S Combi Lift. (Doc. 15 ¶ 3).

## II.     Legal Standard

Where an opposing party has already served an answer or motion for summary judgment, a plaintiff's voluntarily dismissal of an action can be effected only by court order. Fed. R. Civ. P. 41(a)(2). The general rule guiding a court's decision is that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In determining whether legal prejudice would exist, "everything depends on the particular circumstances and . . . a range of factors could be taken into account." *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 163 (1st Cir. 2000).

## III.    Discussion

Heavy Lift states that its purpose in seeking dismissal is to promote judicial economy by pursuing its claims against both Combi Lift USA and K/S Combi Lift in one state court action. (Doc. 15 ¶ 3). K/S Combi Lift originally opposed dismissal on four grounds: (i) futility; (ii) a pending counterclaim; (iii) forum manipulation; and (iv) plain legal prejudice. (Doc. 18 ¶¶ 15-28). The first two grounds are now moot. First, the futility argument was based on Combi Lift USA's motion for summary judgment in state court, but that motion has since been denied. (Doc. 24-1). Second, K/S Combi Lift's counterclaim in this Court has already been resolved. (Doc. 20). The remaining two arguments both address the one issue at the heart of this matter: whether denying K/S Combi Lift's choice of a federal forum in favor of Heavy Lift's choice of a state

forum would cause K/S Combi Lift to suffer legal prejudice. A review of the procedural history reveals that the answer is yes.

When this Court denied Heavy Lift's motion to remand and dismissed Combi Lift USA from the suit, the decision was based on Heavy Lift's inability to establish a cause of action against Combi Lift USA in its original petition; in other words, its improper joinder of a non-diverse defendant. Heavy Lift argues that since that time, however, Heavy Lift has alleged tortious interference against Combi Lift USA in state court and survived a motion for summary judgment. Had Heavy Lift not held the mistaken belief that Combi Lift USA was a wholly owned subsidiary of K/S Combi Lift, it maintains that it could (and would) have alleged valid claims against both Defendants.

Heavy Lift further argues that it is now burdened by having to maintain two separate suits, one in state court and one in federal court, based on the same underlying transactions and occurrences. K/S Combi Lift, on the other hand, faces only "the mere prospect of a second lawsuit," *Elbaor*, 279 F.3d at 317.

This Court is unable overlook, however, the rather blatant forum manipulation in which Heavy Lift has engaged. If in fact Heavy Lift believed at the time it filed its state court suit that Combi Lift USA and K/S Combi Lift were one and the same company, thus allowing piercing of the corporate veil, it would seem there would be allegations more substantive than that Combi Lift USA was a "wholly owned subsidiary" of K/S Combi Lift.

This Court has found that Combi Lift USA was improperly joined to defeat removal. After that ruling Heavy Lift attempted again to defeat removal by moving to amend its petition filed in state court, now a federal pleading, to allege that Combi Lift USA had tortiously interfered, without making much of a connection between the realleged breach of contracts facts

and the claim of tortious interference.  The Court did not allow that tactic, and now, a third effort to avoid federal jurisdiction is tried.

Heavy Lift moves the Court to dismiss the federal contract and quantum meruit suit against K/S Combi Lift so that Heavy Lift can again bring the same claims against it in state court.  Third time is traditionally charm, but not this time and not in this Court.

The Court agrees with defendant K/S Combi Lift that the effect of that "second lawsuit" would essentially be the same as remanding this case to state court. Heavy Lift's forum manipulation constitutes plain legal prejudice against K/S Combi Lift.   Accordingly, it is hereby

**ORDERED** that Plaintiff Heavy Lift's motion to dismiss (Doc. 15) is **DENIED.**

SIGNED at Houston, Texas, this 3rd day of April, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE